The majority contends that appellee Howard Glass is immune from liability because it installed the mirrors according to the explicit directions of Edgewood's then co-owner Jerid Ray. Citing Jackson v.City of Franklin (1988), 51 Ohio App.3d 51, 53-54, the majority apparently concludes as a matter of law that the infinity box is not "so obviously defective and dangerous that no reasonable man would follow" the explicit instructions as to its construction.
However, in its rush to conclude that there is no dispute of material fact as to this issue, the majority completely overlooks the affidavit of appellants' expert Thomas McCash, a certified building official and plans examiner as well as a licensed attorney. Mr. McCash averred that the 1981 installation of the infinity mirrors would have required a building permit, that the mirrors appeared to violate both the 1981 version of the Ohio Building Code and a relevant provision of the Code of Federal Regulations, and that as a Building Official he believed the infinity mirror as installed to be a "serious hazard."
Moreover, based on the partial deposition testimony of Edgewood Skating Rink owner Betty Ray, the majority determines that the infinity mirror "was not in the normal traffic pattern of skaters and skaters generally did not come near that portion of the wall." Majority Opinion, ante at *9. However, this determination is directly contradicted in the earlier deposition testimony of the very same witness:
 Q: Okay. So on a regular basis, probably on a daily basis, people put their hands on these mirrors.
A: Oh, definitely.
 Q: And in fact you said you cleaned those mirrors on a daily basis?
A: That's right.
 Q: Was that because there were fingerprints all over these mirrors?
A: Yes.
 Q: So it was not uncommon for people to come into contact with those mirrors?
A: Right.
(Deposition of Betty Ray, at *41).
Finally, the majority asserts that "Edgewood Skate Arenacould have decided to place safety guards or rails around the wall subsequent to Howard Glass' involvement." Majority Opinion,ante at *9 (emphasis added). While it is undoubtedly true the skating arena could have taken such measures, the majority's reliance on such speculation is unquestionably improper. When reviewing a motion for summary judgment, we are to construe theevidence most strongly in favor of the nonmoving party, the appellant. See, e.g., Horton v. Harwick Chemical Corp. (1995),73 Ohio St.3d 679, 686-87, cited in Majority Opinion, ante at *5. By speculating as to subsequent measures that Edgewood Skating Rink could have taken to relieve Howard Glass from liability, the majority is simply deciding the case against the appellant.
I concur with the majority's analysis in regards to R.C. Chapter 4171 and the express assumption of the risk by roller skating patrons, and also in its rejection of the common law "completed and accepted" doctrine. However, because the record presently before us demonstrates that there are genuine issues of material fact as to whether the "infinity mirror" was negligently constructed, I respectfully dissent. I would reverse and remand this case for trial.